J-S62027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN CAPERS | : | |
| | : | |
| Appellant | : | No. 258 EDA 2018 |

Appeal from the PCRA Order Entered December 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0105741-2005,
CP-51-CR-0800361-2004

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JANUARY 07, 2019**

Calvin Capers appeals from the order dismissing as untimely his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. He maintains that he is serving an illegal sentence. We affirm.

Capers pled guilty in March 2005 to two counts of Possession with Intent to Deliver.[1] The trial court sentenced Capers to one year in the County Intermediate Punishment program, followed by two years of reporting probation.[2] He did not file an appeal to this Court. On November 15, 2007, the trial court found Capers in technical violation of his probation after he failed to report to the probation department. N.T., Violation of Probation

---

[1] 35 P.S. § 780-113(a)(30).

[2] The Commonwealth agreed not to seek the mandatory sentence for Capers' cases. *See* N.T., Violation of Probation Hearing, 2/11/13, at 4.

("VOP") Hearing, 2/11/13, at 5. The same day, the trial court revoked Capers' IP probation and imposed a consecutive sentence of 11½ to 23 months of incarceration followed by three years of reporting probation. *Id.* at 6. In 2010, Capers was arrested for multiple crimes from separate dates including persons not to possess, use, manufacture, control, sell, or transfer firearms.[3] *Id.* Capers pled guilty to the firearms charge and the Commonwealth *nolle prossed* the remaining charges, and Capers was sentenced on January 31, 2013. *Id.* at 6-7. On February 11, 2013, the original trial court found Capers in direct violation of his probation and sentenced him to five to ten years' incarceration. Capers did not file a post sentence motion and did not appeal to this Court.

On August 19, 2016, Capers filed the instant PCRA petition giving rise to this appeal. In his PCRA petition, Capers claimed "the Commonwealth did not indicate/charge intentions to seek mandatory sentence within indictment"; "defense counsel allowed [Capers] to plea to charge without knowing penalties for said offense"; and "courts abuse of discretion in re-sentencing after violation of IP sentence of 1-2 y[ea]r sentence running concurrently." PCRA Petition, filed 8/19/16, at 3-4. Regarding the timeliness of his petition, Capers asserted the time-bar exceptions of unknown facts and a newly recognized constitutional right. **See** PCRA Petition at 2; **see also** 42 Pa.C.S.A. § 9545(b)(ii),(iii). His petition also recognized that he did not file a direct appeal

---

[3] 18 Pa.C.S.A. § 6105.

from the sentence the court imposed on February 11, 2013. *See* PCRA Petition at 5. However, he asserted that "an illegal sentence can be challenged at any time." *Id.* at 8.

The trial court appointed counsel, who reviewed Capers' petition. "[A]fter a thorough review of the court record," including the transcripts from sentencing hearing as well as the VOP hearing, PCRA counsel filed a *Finley*[4] letter concluding that the petition was untimely, without merit, and failed to plead or prove at least one of the time-bar exceptions:

> In [Capers'] two cases as captioned above, judgment of sentence became final thirty (30) days after February 11, 2013. Capers should have filed his PCRA petition by no later than March 11, 2014. [] Capers took no direct appeal to the appellate courts and filed his PCRA petition on August 19, 2016, so it appears that the petition was almost 2½ years too late and clearly untimely. Furthermore, [Capers] neither pleads nor proves that any of the applicable exceptions as evaluated in 42 Pa.C.S. § 9545(b) are applicable.
>
> &#42;&#42;&#42;
>
> Accordingly, it is this counsel's opinion that [Capers] petition for PCRA relief is without merit and based upon baseless allegations of unsupported and frivolous allegations and a misreading of applicable case law.

*Finley* Letter, filed 11/16/17, at 1-4 (unpaginated).

The PCRA court issued notice of its intent to dismiss the petition without a hearing, and Capers responded to the notice. *See* Pa.R.Crim.P. 907. The trial court dismissed the petition on December 20, 2017, and permitted appointed counsel to withdraw. This timely appeal followed.

_____

[4] *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988).

On appeal, Capers asks us to review the following issues:

I. Whether the Court abuse[d] its discretion in re-sentencing [Capers] after violation of probation?

II. Whether the Court failed to explain, to ensure, and protect [Capers'] Constitutional Rights?

III. Whether Post Conviction counsel render[ed] ineffective assistance of counsel?

IV. Whether [p]lea counsel render[ed] ineffective assistance of counsel?

Capers' Br. at 4.

Our standard of review of an order dismissing a PCRA petition is as follows: "We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

We do not address the merits of Capers' claims because his PCRA petition is untimely. *See Commonwealth v. Smith*, 194 A.3d 126, 132 (Pa.Super. 2018) ("PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition"). A timely PCRA is one that has been filed within one year of the date the judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." ***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (quoting 42 Pa.C.S.A. § 9545(b)(3)).

A petitioner who files a PCRA petition after the one-year deadline must plead and prove at least one of the three time-bar exceptions. These exceptions are: (1) the failure to raise the claim previously was due to governmental interference; (2) the facts of the claim were unknown to the petitioner and could not have been ascertained by due diligence; or (3) a newly recognized constitutional right that the United States Supreme Court or Pennsylvania Supreme Court have held to apply retroactively. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petitioner must raise a time-bar exception within 60 days from the date that the petitioner could have first raised the exception. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Here, Capers' judgment of sentence became final on March 13, 2013, when the 30 days to appeal his sentence to this Court expired. He therefore had until March 13, 2014, to file a timely PCRA petition. Thus, the instant petition filed two years after the one year time-bar is untimely and therefore the PCRA court lacked jurisdiction to consider the petition unless one of the three time-bar exceptions applied. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa.Super. 2010). It was Capers' burden to plead and prove that one of the time-bar exceptions applied. ***See Commonwealth v. Woods***, 179 A.3d 37, 43 (Pa.Super. 2017) (petitioner bears burden of pleading and proving time-bar exception).

In his PCRA petition, Capers pled but made no effort to prove at least one of the time-bar exceptions. As such, we conclude that "the PCRA court's ruling is supported by the record and free of legal error." **Presley**, 193 A.3d at 442. We therefore do not address the merits of Capers' appellate issues and affirm the order of the PCRA court.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/19

---

[5] While Capers abandons the argument on appeal that he can raise an illegal sentence at any time, we note that this is incorrect. "Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).